IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | § § § | |
| Plaintiff | § § | |
| V. | § § | Civil Action No. 1:20CV1538 |
| DENVER DISPENSARY LLC, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") files this Original Complaint and Jury Demand against Defendant Denver Dispensary LLC ("Denver Dispensary" or "Defendant") on personal knowledge as to all facts regarding himself and on information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

A professional photographer's ability to envision, and then immediately capture the entire scene—including non-visuals such as emotions—is what differentiates their photographs from an amateur's photographs. These works extend well beyond the four corners of the photograph to evoke sentiments within the viewer so that the viewer is forever a part of the moment captured in time. For concert photographers, the odds are almost always against them—the musicians are constantly moving, the lighting is usually dark and typically changing, and it is practically impossible to secure a good vantage point. But every now and then, a photographer captures a great shot, the kind of iconic shot that makes the viewer forever a part of that very moment in time.

Larry Philpot, an experienced freelance photographer, has honed the art of capturing these rare moments in time. Philpot created a photograph of Willie Nelson during a concert. This

photograph is the type of awe-inspiring work that launches a successful photography career. Recognizing this, Philpot offered the photograph under a Creative Commons license, permitting members of the public to use the photograph provided that it is properly attributed to Philpot. In doing so, Philpot carefully marketed his sought-after product while still protecting the quality and his rights in his work.

Defendant Denver Dispensary copied and posted Philpot's photograph of Willie Nelson onto its website as its own, thereby infringing on Philpot's copyrighted work. In freelance photography, the reputation and licensing revenue guarded by copyright law are a photographer's sole means to support their career. Denver Dispensary stole both of those from Philpot. Larry Philpot brings this action to protect not just his rights under copyright law, but also his photography business.

## PARTIES

### A. Plaintiff

1. Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana. Philpot is a renowned freelance professional photographer who specializes in photographing concerts and musical performances across the United States.

### B. Defendant

2. Defendant Denver Dispensary LLC is a Colorado Limited Liability Company with its principal place of business in Colorado and resides in Denver County, Colorado. Denver Dispensary may be served via its registered agent, Eric Roth, at 4975 Vasquez Boulevard, Denver, Colorado 80216-3009.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

5. This Court has personal jurisdiction over Defendant Denver Dispensary LLC because it conducts business and resides in the State of Colorado.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant Denver Dispensary LLC resides and may be found in this District.

**FACTUAL BACKGROUND**

**A. The Highly Competitive World of Freelance Concert Photography**

7. To say that concert photography is a tough business is a severe understatement. It requires artistic skills, business skills, and interpersonal skills. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage. At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving. Not to mention, it is really loud. As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

8. Financially, concert photography can be a high-risk business venture. Freelance concert photographers earn money when they license or sell their work product and from photography engagements. If the photographs are unusable, which is often the case, or simply aren't good, then the photographers do not receive any type of payment and are unable to expand their portfolio—which is necessary to obtain additional business.

9. And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture the perfect shot. Because that is all that there is demand for—a

few once-in-a-lifetime shots for each star.  It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Willie Nelson, for example, only needs one picture of Willie Nelson—the best one.

10. In such a cutthroat environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their business.

11. Each and every instance where a photographer does not receive proper attribution, or his work is misattributed, decreases the value of that photograph and the overall value of the photographer's portfolio.

## B. Larry Philpot: A Professional Concert Photographer

12. Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts and other performances.  Philpot has distinguished himself from amateur photographers by creating a highly coveted portfolio that demands legal protection to preserve its standard.

13. He has spent years perfecting his craft, and his photography business includes licensing his works and photography engagements.

14. Philpot is known for the unparalleled quality of his work.  He employs photography techniques that involve precise angles, timing, assessment of light, and other creative approaches that he has worked tirelessly to develop.  At a concert, Philpot has the uncanny ability of connecting with the artist from the crowd.  In addition, to ensure the highest quality photographs, Philpot uses state of the art equipment.  He has invested tens of thousands of dollars in equipment.

15. He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts.  Indeed, there are over one hundred instances where Philpot has received press credentials.

16. There is an extensive market and a demand for Philpot's photos that includes, but is not limited to, the musicians themselves, the musicians' fans, record labels, talent agencies, editorial organizations, media entities, radio stations, website operators, and concert and event planners. Philpot has been very successful in this market.

17. Philpot understands that part of being a professional photographer is to market your works to gain widespread exposure, and that the high use of his photographs has required licensing agreements and copyright protections.

18. Philpot has entered into license agreements with Tom Petty and the Heartbreakers for his photographs.

19. Philpot has also licensed his work to various musicians in exchange for attribution including, but not limited to, the musicians Kid Rock and Paul Stanley of KISS.

20. Further, Philpot has previously licensed several of his photographs through a stock photography agency called "Corbis" and its affiliate "Splash." Philpot received monetary compensation through Corbis and Splash for licenses for photographs he took of Prince, Madonna, Fleetwood Mac, and the 2015 Indianapolis 500 Race and Winner.

21. Philpot has also been engaged as a photographer by Hoosier Park LLC d/b/a Hoosier Park Racing & Casino to photograph "meet and greets" between celebrities and fans.

22. Philpot's portfolio and reputation as a premier photographer are critical to his business. The more his photographs are viewed with proper attribution, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

**C. Philpot Creates the Willie Nelson Photograph**

23. On October 4, 2009, Philpot created a photograph of Willie Nelson in St. Louis, Missouri (the "Willie Nelson Photo"). A true and correct copy of the Willie Nelson Photo is attached as Exhibit A.

24. The Willie Nelson Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on September 5, 2012. The Willie Nelson Photo is registered with the United States Copyright Office under Certificate Number VAu 1-132-411. A copy of the copyright registration certificate for the Willie Nelson Photo is attached as Exhibit B.

25. As the owner of the copyright in the Willie Nelson Photo, Philpot has the exclusive rights to (1) reproduce the Willie Nelson Photo in copies, (2) prepare derivative works based on the Willie Nelson Photo, (3) distribute copies of the Willie Nelson Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the Willie Nelson Photo publicly.

26. Philpot first displayed the Willie Nelson Photo on May 31, 2011 on the Wikimedia website. The original photo can be found at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg. A copy of this webpage as it existed on September 26, 2018 with the Willie Nelson Photo is attached as Exhibit C.

**D. The Creative Commons License**

27. A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work. The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

28. In an effort to market his freelance photography practice, Philpot offered the Willie Nelson Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution 2.0 Generic license (abbreviated as "CC BY 2.0"). A copy of the CC BY 2.0 license is attached as Exhibit D.

29. This license allows anyone to use the work, provided that they, among other requirements:

    a. Include a copy of the Uniform Resource Identifier for the CC BY 2.0;

    b. Provide attribution to the author of the work; and

    c. Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

### E. Restrictions on the Willie Nelson Photo

30. Larry Philpot provided the following description on the Wikimedia website for the Willie Nelson Photo, "English: Willie Nelson getting ready to perform. Farm Aid 2009. Photo by Larry Philpot, www.soundstagephotography.com." Philpot also provided the following attribution requirement: "You must attribute the work in the manner specified by the author or licensor (but not in any way that suggests that they endorse you or your use of the work)."

### F. Denver Dispensary Infringes Philpot's Copyright in the Willie Nelson Photo.

31. Denver Dispensary infringed Philpot's copyright in the Willie Nelson Photo by publishing, copying, and displaying the Willie Nelson Photo on the https://marijuanaediblesdenver.com/ website at http://marijuanaediblesdenver.com/blog/8169/Willie-Nelson--The-Outlaw-Country-legend-reflects-on-his-personal-cannabis-history.  A copy of these webpages as they appeared with the Willie Nelson Photo is attached as Exhibit E.

32. Denver Dispensary did not provide attribution to Philpot when it published the Willie Nelson Photo.

33. Denver Dispensary did not list or link to Philpot's website, soundstagephotography.com when it published the Willie Nelson Photo.

34. Philpot discovered these infringements on May 31, 2017.

### G. The Damage Done

35. Defendant Denver Dispensary passed off Philpot's Willie Nelson Photo as its own, ignoring Philpot's primary requirement under the Creative Commons license to allow Defendant Denver Dispensary to use his copyrighted work—the credit.  Philpot has been deprived of the credit for taking the exceptional Willie Nelson Photo.

## CLAIMS

### A. Count One: Copyright Infringement

36. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

37. Defendant Denver Dispensary operated and operates the https://marijuanaediblesdenver.com/ website.

38. Defendant Denver Dispensary published, copied, and displayed the Willie Nelson Photo at http://marijuanaediblesdenver.com/blog/8169/Willie-Nelson--The-Outlaw-Country-legend-reflects-on-his-personal-cannabis-history.

39. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

40. Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

41. Defendant infringed Plaintiff's copyrights in the Willie Nelson Photo in violation of 17 U.S.C. § 501.

42. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to damage to his business reputation and goodwill.

43. Plaintiff is informed and believes and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Willie Nelson Photo.

44. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each work willfully infringed by Defendant in an amount of $150,000 per work infringed. In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyrights, Plaintiff is entitled to seek maximum statutory damages for each work infringed by Defendant in an amount of $30,000 per work infringed.

45. Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts. Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502, as well as seizure of the Willie Nelson Photo.

46. Plaintiff is entitled to recover from the Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1. Pursuant to 17 U.S.C. § 502, that Defendant, its agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, but not limited to reproducing, distributing, displaying, performing or making derivatives of any of the Willie Nelson Photo;

2. Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement;

3. That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Willie Nelson Photo;

4. Pursuant to 17 U.S.C. § 504, that upon Plaintiff's election, Defendant be required to pay statutory damages up to $150,000 for each work infringed for its acts of copyright infringement, and in the event the factfinder determines that Defendant's infringement was not willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed for its acts of copyright infringement;

5. Pursuant to 17 U.S.C. § 505, Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorney's fees; and

6. Plaintiff be granted all other and further relief to which he is entitled.

Dated: May 29, 2020

                                          Respectfully submitted,

                                          /s/ Ryan Gordon
                                          Ryan Gordon, Esq.
                                          Colorado State Bar No. 53493
                                          Lyda Law Firm LLC
                                          2420 17th Street, 3rd Floor

        Denver, Colorado 80202
        Tel: (720) 767-2220
        Email: ryan@lydalawfirm.com

**ATTORNEY FOR PLAINTIFF**